# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| KATHLEEN LAWLOR | § | Case No. 15-28574 |
| | § | |
| Debtor | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 08/20/2015. The undersigned trustee was appointed on 08/20/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $    45,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 299.18 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]   $ | 44,700.82 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 01/08/2016 and the deadline for filing governmental claims was 02/16/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 5,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 5,250.00, for a total compensation of $ 5,250.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00, and now requests reimbursement for expenses of $ 0.00, for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/16/2017       By:/s/KAREN R. GOODMAN
                                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-28574 | JPC | Judge: | Jacqueline P. Cox | | Trustee Name: | KAREN R. GOODMAN |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Case Name: | KATHLEEN LAWLOR | | | | | Date Filed (f) or Converted (c): | 08/20/2015 (f) |
| | | | | | | 341(a) Meeting Date: | 10/06/2015 |
| For Period Ending: | 03/16/2017 | | | | | Claims Bar Date: | 01/08/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1592 Hunting Hound, Bartlett, IL 60103, value of | 272,500.00 | 964.00 | OA | 0.00 | FA |
| 2. Checking account w/ Bank of America, x6533 | 25.00 | 0.00 | | 0.00 | FA |
| 3. Basic household goods, furniture, consumer elect | 1,750.00 | 0.00 | | 0.00 | FA |
| 4. Books, CDs, DVDs, family photos, wall art | 250.00 | 0.00 | | 0.00 | FA |
| 5. Necessary wearing apparel | 500.00 | 0.00 | | 0.00 | FA |
| 6. Beaver and fox coat (purchase price $1k), mink s | 500.00 | 0.00 | | 0.00 | FA |
| 7. Treadmill, owned jointly with husband | 50.00 | 0.00 | | 0.00 | FA |
| 8. Term life insurance for which debtor pays direct | 0.00 | 0.00 | | 0.00 | FA |
| 9. IRA funded through former employer and direct co | 27,000.00 | 0.00 | | 0.00 | FA |
| 10. Illinois realtor's license | 0.00 | 0.00 | | 0.00 | FA |
| 11. 1999 Honda Accord w/ 107k miles | 1,900.00 | 0.00 | | 0.00 | FA |
| 12. Two dogs | 0.00 | 0.00 | | 0.00 | FA |
| 13. 25% shareholder of 51% ownership of 3 companies | Unknown | Unknown | | 45,000.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $304,475.00 | $964.00 | | $45,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

7/1/16: Collect proceeds of sale of 3 entitles in which Debtor had interest from purchasers pursuant to Order Approving Sale entered by Court; review claims; prepare final tax returns.

Initial Projected Date of Final Report (TFR): 06/30/2017    Current Projected Date of Final Report (TFR): 06/30/2017

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |  | |
|---|---|---|---|
| Case No: | 15-28574 | Trustee Name: | KAREN R. GOODMAN |
| Case Name: | KATHLEEN LAWLOR | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX3318 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX3505 | Blanket Bond (per case limit): | $54,824,000.00 |
| For Period Ending: | 03/16/2017 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/15/16 | 13 | The Riffner Law Firm | Sale of Debtor's interest in 3 car wash entities per Court Order dated 6/22/16 Check is issued by purchaser's attorney. | 1129-000 | $45,000.00 | | $45,000.00 |
| 10/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.52 | $44,965.48 |
| 11/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $66.84 | $44,898.64 |
| 12/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $64.60 | $44,834.04 |
| 01/09/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $66.66 | $44,767.38 |
| 02/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $66.56 | $44,700.82 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $45,000.00 | $299.18 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $45,000.00 | $299.18 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $45,000.00 | $299.18 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*　　　　　　　Page Subtotals:　　$45,000.00　　$299.18

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 15-28574 | Trustee Name: | KAREN R. GOODMAN |
| Case Name: | KATHLEEN LAWLOR | Bank Name: | Rabobank, N.A. |
| | | Account Number/CD#: | XXXXXX66 |
| | | | Checking Account |
| Taxpayer ID No: | XX-XXX3505 | Blanket Bond (per case limit): | $54,824,000.00 |
| For Period Ending: | 03/16/2017 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| | | No Transactions | | | | | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $0.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX3318 - Checking | $45,000.00 | $299.18 | $44,700.82 |
| XXXXXX66   - Checking Account | $0.00 | $0.00 | $0.00 |
|  | $45,000.00 | $299.18 | $44,700.82 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---:|
| Total Net Deposits: | $45,000.00 |
| Total Gross Receipts: | $45,000.00 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-28574
Case Name: KATHLEEN LAWLOR
Trustee Name: KAREN R. GOODMAN

Balance on hand $ 44,700.82

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: KAREN R. GOODMAN | $ 5,250.00 | $ 0.00 | $ 5,250.00 |
| Attorney for Trustee Fees: TAFT STETTINIUS & HOLLISTER LLP | $ 10,101.00 | $ 0.00 | $ 10,101.00 |
| Accountant for Trustee Fees: ALAN D. LASKO | $ 9,604.10 | $ 0.00 | $ 9,604.10 |
| Accountant for Trustee Expenses: ALAN D. LASKO | $ 54.64 | $ 0.00 | $ 54.64 |

Total to be paid for chapter 7 administrative expenses     $ 25,009.74
Remaining Balance     $ 19,691.08

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 20,956.98 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 94.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CAPITAL ONE BANK (USA), N.A. | $ 4,777.95 | $ 0.00 | $ 4,489.34 |
| 2 | NAVIENT SOLUTIONS INC | $ 306.88 | $ 0.00 | $ 288.34 |
| 3 | Capital Recovery V, LLC | $ 585.69 | $ 0.00 | $ 550.31 |
| 4 | Capital Recovery V, LLC | $ 2,587.30 | $ 0.00 | $ 2,431.01 |
| 5 | Capital Recovery V, LLC | $ 212.91 | $ 0.00 | $ 200.05 |
| 6 | JOHNSON, WESTRA, BROECKER, ET AL. | $ 12,486.25 | $ 0.00 | $ 11,732.03 |
| | Total to be paid to timely general unsecured creditors | | $ | 19,691.08 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE